UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWN LYNN MERRITT,

    Plaintiff,

v.                                CASE No. 8:17-CV-0002-T-35TGW

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

    Defendant.

---

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 19) filed by counsel for the plaintiff on October 23, 2017. Having considered the application, the parties' stipulation as to the reasonableness of the amount, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), I recommend that the plaintiff be awarded $2,056.05 in attorney's fees and $38.33 in costs, to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security and should therefore be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

The applicant represented the plaintiff in this action seeking review of a denial of social security disability benefits and supplemental security income payments. The Commissioner subsequently filed a Unopposed Motion for Entry of Judgment with Remand, which was granted by the court (Docs. 16, 17). Accordingly, the matter was remanded to the Social Security Administration (Doc. 17). Judgment was entered in favor of the plaintiff on August 3, 2017 (Doc. 18). The plaintiff then filed an application for attorney's fees under the EAJA, and requests that the fees be paid directly to her attorney if the United States Department of the Treasury determines that the plaintiff does not owe a federal debt (Doc. 19, p. 6; Doc. 19-6). The Supreme Court in Astrue v. Ratliff, 560 U.S. 586 (2010), approved the payment of fees directly to a plaintiff's attorney in cases where the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney.

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $2,056.05 (Doc. 19, p. 1). This amount represents 1.1 hours of service before

the court in 2016 and 2017 by attorney Suzanne Harris at an hourly rate of $191.86, and 24.6 hours of services at an hourly rate of $75.00 by paralegals and attorneys not admitted to this court (Doc. 19, p. 4-5; 19-3, 19-4). A Joint Stipulation has been filed, in which the parties agree to the amount of the attorney's fees and costs (Doc. 20).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

Although plaintiff's counsel's time sheets list 31.3 billable hours, the parties agreed to settle the matter for what amounts to 25.7 hours for services performed in this case. This reduction of hours is appropriate, and the total number of hours sought is reasonable.

As for counsel's hourly rate, the plaintiff proposes a rate of $75.00 for the work of paralegals, and attorneys that are not admitted in this court. The plaintiff states correctly that she may recover paralegal fees for work traditionally done by an attorney (Doc. 19, p. 4, citing Richlin Security Services Co. v. Chertoff, 553 U.S. 571, 581 (2008)). See also Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988). Furthermore, the hourly rate of $75.00 is

unquestionably reasonable. Accordingly, I recommend that the work of paralegals, and attorneys that are not admitted in this court, be compensated at an hourly rate of $75.00.

Additionally, counsel Suzanne Harris requests an hourly rate of $191.86 for 1.1 hours of attorney time spent on this matter (Doc. 19, p. 4; Doc. 19-4). I regularly reject that hourly rate as unreasonable because, in my view, a lawyer who has prevailed in a Social Security case should not receive an hourly rate higher than the maximum rate for criminal defense lawyers appointed to defend capital cases. See, e.g., Natkin v. Nancy A. Berryhill, Acting Commissioner of Social Security, 8:15-CV-162-T-TGW, Doc. 34. However, in this case, the difference is de minimis (less than $15, based on my regularly awarded rate of $180), and the overall award of attorney's fees is reasonable. Accordingly, I recommend that attorney Harris be compensated at an hourly rate of $191.86 for 1.1 hours in this case.

Finally, the plaintiff requests reimbursement of $38.33 in litigation expenses. This cost is for Federal Express to mail the filing documents to the court (Doc. 19-17). Litigation expenses, such as postage, are compensable under the EAJA "if they are necessary to the preparation of the [prevailing] party's case." Jean v. Nelson, supra, 863 F.2d at 778, quoting 28 U.S.C.

2412(d)(2)(A). Although it is unclear why counsel chose the more costly option of Federal Express, instead of the United States Parcel Service, the defendant stipulated to payment of this cost and, as indicated, the overall amount sought by this motion is reasonable.

For the foregoing reasons, I recommend that the Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 19) be granted, and the applicant be awarded the amount of $2,056.05, and $38.33 in costs to be paid to the plaintiff's counsel by the defendant pursuant to 28 U.S.C. 2412(a)(1), ( c)(1), (d)(1)(A), (B), if the plaintiff is not indebted to the United States Department of the Treasury.

Respectfully submitted,

_____
THOMAS G. WILSON
DATED: NOVEMBER 22, 2017  UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.