UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAWN LYNN MERRITT,**

    **Plaintiff,**

v.                                          Case No: 8:17-cv-2-T-35TGW

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, (Dkt. 19), and Judge Thomas G. Wilson's Report and Recommendation (Dkt. 22) recommending that the Court grant Plaintiff's motion. Plaintiff seeks fees in the amount of $2,056.05 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for 1.1 hours of work performed in 2016 and 2017 at a rate of $191.86 per hour and 24.6 hours of work performed \at a rate of $75.00 per hour, for a total of $2,056.05 in attorneys' fees. (Dkts. 19-4–19-15) Plaintiff also seeks $38.33 in litigation expenses. Defendant does not oppose the motion. On November 22, 2017, Judge Wilson recommended that the motion be granted. (Dkt. 22) Neither party filed an objection to the Report and Recommendation, and the deadline to do so has expired.

Accordingly, based on the foregoing, it is hereby **ORDERED**:

(1)    Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. 19) is **GRANTED**;

(2) The Report and Recommendation (Dkt. 22) issued by Judge Wilson is **ADOPTED as stated herein**; and

(3) Plaintiff Dawn Lynn Merritt shall recover from Defendant attorneys' fees in the amount of $2,056.05 and expenses [1] in the amount of $38.33. Consistent with the Supreme Court's ruling in Astrue v. Ratliff, 560 S. Ct. 2521, 2525-26 (2010), and its progeny,[2] the Court further **ORDERS** as follows:

   a. Plaintiff is entitled to the payment of attorney's fees as the prevailing party under the EAJA;

   b. Payment to Plaintiff for the award of attorney's fees in the amount of $2,056.05 minus any debt that is owed to the Government shall be made to the Plaintiff's counsel's trust fund for the benefit of the Plaintiff;

   c. The Defendant shall have up to and including January 8, 2018, to advise Plaintiff or Plaintiff's counsel whether Plaintiff owes a debt to the Government against which this fee award may be offset. Within the same time frame, Plaintiff or Plaintiff's counsel shall provide any valid fee assignment to Defendant; and

---

[1] The Court awards the $38.33 in litigation expenses pursuant to 28 U.S.C. § 2412(d)(1)(A), rather than as a cost as outlined in the Report and Recommendation. (Dkt. 22).

[2] Post Ratliff decisions have honored attorney fee assignments through direct payment to counsel if no debt is found to exist. See, e.g., Hilker v. Astrue, No. 3:09-cv-00186, 2010 WL 5553980 at *1 - *2 (S.D. Ohio Dec. 03, 2010); Young v. Comm'r of Social Sec., No. 3:09-cv-574-C-MCR, 2010 WL 3043428 at *2 (M.D. Fla. July 30, 2010); Ramsey v. Astrue, No. 1:10-cv-092, 2011 WL 198110, at *4 (W.D. N.C. Jan. 19, 2011).

d. In the absence of such a debt or upon a stipulation as to the amount of the debt owed, Defendant shall remit the difference owed to Plaintiff's counsel's trust account. Plaintiff's counsel may disburse the proceeds as appropriate to counsel for attorney's fees and costs in connection with the prosecution of this case, with the remaining balance, if any, being paid to the Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of December, 2017.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person